MATTIE E. D. GAMMONS *vs.* WILLIAM M. KING.

Lincoln. Opinion March 11, 1919.

*False arrest. Necessary facts upon which to base a plea that a debtor is about to leave the State and thereby cause his arrest. What is meant by and included in the words "property or means" as used in R. S., Chap. 115, Sec. 2.*

This is an action of trespass for false imprisonment in which the jury returned a verdict for the plaintiff for $931.25. The case is before the court on the defendant's general motion for a new trial.

*Held:*

1. The questions involved were entirely for the jury, and the evidence was conflicting upon points vital to the result. In such case the conclusion of the jury will not be reversed, unless the preponderance against the verdict is such as to amount to a moral certainty, that the jury erred.

2. A careful reading of the record discloses a preponderance of the evidence in favor of the plaintiff's position, that the defendant did not have reason to believe that the plaintiff was about to depart and take with her property or means of her own exceeding the amount required for her immediate support.

3. Such belief should be derived from facts and evidence sufficient in themselves to justify a man of ordinary prudence and caution, when calm and not swerved

by self interest from the realms of reason and common sense, in believing the truth of the statements to which he makes oath. The oath clearly means that at the time it is made the debtor has within the State, property, tangible or intangible, which he is about to take with him outside of the State.

Action to recover damages for false arrest. Defendant filed plea of general issue. Verdict for plaintiff in the sum of $931.25. Motion for new trial filed by defendant. Motion overruled.

Case stated in opinion.

*George A. Cowan*, for plaintiff.

*A. S. Littlefield*, for defendant.

SITTING: CORNISH, C. J., SPEAR, HANSON, PHILBROOK, WILSON, DEASY, JJ.

HANSON, J. This is an action of trespass for false imprisonment in which the jury returned a verdict for the plaintiff for $931.25. The case is before the court on the defendant's general motion for a new trial.

The plaintiff, a non-resident, leased from the defendant a summer hotel, and in addition had bought from him various supplies to be used in connection with the hotel business.

There was a balance due the defendant exceeding ten dollars at the date of the capias writ issued on August 21, 1916. The oath was in due form, and the case and briefs of counsel disclose that the only issue presented involved the good faith of the defendant in making the oath, and it was presented to the jury substantially in the words of the oath.

1. Did the defendant believe and have reason to believe that the plaintiff was about to depart and reside beyond the limits of the State, and

2. To take with her property or means of her own exceeding the amount required for her immediate support;

The defendant attempted to justify by his testimony that the plaintiff told him that she had money but would not pay him, that she owned property in another state; that she had previously had a similar contract and left without paying her rent, and that she was going on a lecture tour on or before September 10th, and that she had made substantially the same statements to Mr. Feltis, another creditor, who had communicated the same to him.

All of which testimony is denied by the plaintiff in every important detail. The questions involved were entirely for the jury, and the evidence was conflicting upon points vital to the result. In such case the conclusion of the jury will not be reversed, unless the preponderance against the verdict is such as to amount to a moral certainty, that the jury erred. *Enfield* v. *Buswell,* 62 Maine, 128. *Young* v. *Chandler,* 104 Maine, 184.

A careful reading of the record discloses a preponderance of the evidence in favor of the plaintiff's position, that the defendant did not have reason to believe that the plaintiff was about to depart; the defendant claiming that the plaintiff told him she would leave on or before September 10, for a lecture tour. The plaintiff denied this, placing the time of her intended departure in October.

1. The jury found that the testimony did not warrant a conclusion that the plaintiff was about to depart as contended by the defendant.

The defendant was the plaintiff's landlord and grocer, and had dealings with her as he says "every few days," and was situated so he could know of the slightest change in her business, or of any preparation for flight. He was aware of the arrival of guests at the hotel the day of the arrest. Confronted by these facts and circumstances the jury could not well find otherwise.

2. Was the plaintiff about to depart "with property or means of her own exceeding the amount required for her immediate support?"

The jury found she was not about so to depart and take with her such property or means, and the record again shows the finding to be without error.

With the same means of knowing, the defendant knew that summer hotel business in the year 1916, was not a paying occupation. He knew that the plaintiff came to his house with little if anything of real value; that the season was dull, boarders were not coming in the numbers expected, and the enterprise was not successful.

He knew that to sustain herself under her lease and transactions with him, she had to borrow funds from a friend outside the State, and that he received a large portion of that borrowed money in trade. He knew, or must be held to have known, that the property brought in to the State by her had no attachable value, or was not subject to attachment, for while the property was still in the hotel and in use, he did not attach it, but elected to arrest her.

The conclusion is irresistible that he relied upon the information and belief that ownership of property outside the State was sufficient to bring her within the meaning and intention of the Statute. Here again he was in error. The finding is abundantly supported by the evidence, and in harmony with the decided cases.

In *Dunsmore* v. *Pratt*, 116 Maine, 22, this court in considering the same question, held, that "such belief should be derived from facts and evidence sufficient in themselves to justify a man of ordinary prudence and caution, when calm and not swerved by self interest from the realms of reason and common sense, in believing the truth of the statements to which he makes oath." . . . . "the oath clearly means that at the time it is made the debtor has within the State, property, tangible or intangible, which he is about to take with him outside of the State. Neither can it be claimed that because the debtor owned real estate in Cleveland he would by his departure remove from this State 'means.' As used in the statute, 'means' is not method, but portable assets, tangible or intangible."

We are not able to say that the damages are excessive. The jury had the benefit of the presence of the parties, the details of a most extraordinary arrest and detention for eight days, with a disclosure added. They had in contemplation the arrest of a person as an absconding debtor, while for the purposes of this case, she was yet in her own house, and about her household duties. They had in contemplation too, the injury to her health, her feelings, and her business, all proper for their consideration. In view of the record we do not feel justified in saying that the damages were excessive.

The entry will be,

*Motion overruled.*